## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ROBERT FLOYD STEINER,

    *Plaintiff,*       CASE NO. 1: 22-cv-10497

*v.*             HON. THOMAS L. LUDINGTON
              DISTRICT JUDGE
HEATHER A. GUST, et al.,    HON. PATRICIA T. MORRIS
              MAGISTRATE JUDGE

    *Defendants.*

_____/

## REPORT AND RECOMMENDATION TO DISMISS

### I. RECOMMENDATION

 For the reasons set forth below, **IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and Eastern District of Michigan Local Rule 41.2.

### II. REPORT

#### A. Background

 This case was transferred to this court on March 8, 2022 from the U.S. District Court in the Western District of Michigan.  Included in the transfer documents was a document entitled "Judicial Notice of Fee Waiver"; however, the document fails to provide any of the required information to determine whether Plaintiff should be allowed to proceed without payment of the filing fee. (ECF No. 2.)  For that reason, a text-only deficiency was entered and mailed to Plaintiff for failure to either pay the filing fee or submit an

Application to Proceed Without Prepayment of the Filing Fee on May 31, 2022.  Plaintiff was given a deadline of June 14, 2022, to correct the deficiency.

After Plaintiff failed to correct the deficiency, on July 7, 2022, the undersigned ordered him to show cause why the Court should not recommend dismissal for failure to pay the filing fee.  (ECF No. 8).  To avoid a recommendation of dismissal, Plaintiff was required to "provide further explanation of his finances so that this Court may properly decide whether [he] is indigent for purposes of IFP status." (*Id.* at PageID.7).  Plaintiff was ordered to comply with the Court's order by July 28, 2022.  (*Id.*).  Although that deadline passed over one month ago, he has failed to respond.

### B.  Dismissal is Appropriate under Fed. R. Civ. P. 41(b)

 Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed R. Civ. P. 41(b).  Local Rule 41.2 mirrors the federal rule, providing that "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. R. 41.2.

Dismissal for failure to prosecute is "available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly

and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

The Sixth Circuit has established four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Applying these factors here, the first supports dismissal. Plaintiff has not pursued this case beyond filing the initial complaint. First, he has not paid the filing fee or completed the form for IFP status. Second, he has not responded to this Court's Order to show cause, in which he was warned that this complaint and case could be dismissed without his response and participation. (ECF No. 8). Plaintiff's failure to maintain an active status in this case, pay the filing fee or apply for IFP status, or respond to this Court's Order weigh heavily in favor of dismissal.

It is true that when a Plaintiff is proceeding *pro se*, his or her filings and arguments are liberally construed in his or her favor. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Indeed, "[w]here, as here, the Plaintiff is proceeding *pro se*, the Court considers that such a litigation 'may be entitled to some latitude when dealing with sophisticated legal

issues, acknowledging their lack of formal training[.]'" *Brinkley v. Comm'r of Soc. Sec.*, No. 14-13560, 2015 WL 1637598, at *2 (E.D. Mich. Apr. 13, 2015) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)).  However, "'there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.'" *Id.*; *see also Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (dismissing a *pro se* litigant's case with prejudice); *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) ("[T]he Court must . . . balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines."). Consequently, although Plaintiff is proceeding *pro se*, he is expected to be able to comprehend simple deadlines and payment procedures, and his failure to do so further counsels dismissal.

The second factor, prejudice to Defendants, does not support dismissal. It is not clear that Defendants even knows this case exists - as such, there is minimal danger of prejudice to Defendants. As to the third factor, Plaintiff was warned that his case could be dismissed, which supports dismissal. (ECF No. 8.)  Plaintiff failed to cure the noted deficiencies or respond to the Order.

The final factor is whether a lesser sanction would suffice. I conclude it would not. Plaintiff has been absent from this case since his initial filing on March 2, 2022, several months ago. (ECF No. 1.) Plaintiff has been warned that his continued absence and failure

to pay the filing fee or seek IFP status could result in dismissal. (ECF No. 8).  It is unclear that a sanction less than dismissal would have any impact.

In light of the above factors, I suggest this case is suitable for dismissal under Rule 41(b); I reiterate our local rule, providing that where "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. R. 41.2. No action has been taken here since the filing of the complaint. I recommend that this case be dismissed under Rule 41(b).

### C.    Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### III.    <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have

to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

*Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any

objection must recite precisely the provision of this R&R to which it pertains.  Not later

than 14 days after service of an objection, the opposing party may file a concise response

proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D.

Mich. LR 72.1(d).   The response must specifically address each issue raised in the

objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  August 30, 2022                                       s/ PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge